UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TERRY K. GREEN,

    Plaintiff,

v.                                                       3:06-cv-48

JIMMY CALDWELL, et al.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Grainger County Detention Facility. The defendants are as follows: Rick Brewer, the mayor of Bean Station, Tennessee; Andy Dossett, Bean Station Chief of Police; Jimmy Caldwell, a police officer with the Bean Station Police Department;

Paul Merritt, the former county mayor of Grainger County, Tennessee; former Grainger County Sheriff Jairus Williams; Steve Wilson, the administrator of the Grainger County Jail; Jail Nurse Fonda Lakins; guards Brian Greenlee, Linda Biddle, Wanda Gibson, and Rodney Satterfield; and Mark Holland, the jail doctor.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiff alleges that he was assaulted by an officer while handcuffed, that he was not taken for medical attention, that a guard did not wash the pepper spray out of his eyes, and that he was locked down without a shower for three to four days. He does not state when or where these incidents occurred, or the individuals responsible.

Plaintiff's only stated claims against defendants Merritt, Williams, and Wilson is that Mayor Paul Merritt is over Sheriff Jairus William, who in turn is over Administrator Wilson, who is over the jail guards. Similarly, plaintiff's only claims against defendants Brewer and Dossett is that Mayor Rick Brewer is over Police Chief Andy Dossett, who is over Officer Jimmy Caldwell.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Accordingly, plaintiff has failed to state a claim under § 1983 against defendants Merritt, Williams, Wilson, Brewer, and Dossett.

Plaintiff's only claim against the jail doctor is that Dr. Holland ordered plaintiff be taken to the medical center for treatment after an alleged assault. Such a claim, without more, does not state a claim for relief. Plaintiff has stated no factual allegations against Nurse Fonda Lakins. With respect to the remaining defendants, plaintiff has made no specific allegations as to each individual.

This court is aware that plaintiff is proceeding *pro se* and is unfamiliar with the intricacies of the legal system. However, he must nonetheless comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." One purpose of this rule is to enable a defendant to reasonably respond to the complaint. Based upon the foregoing, plaintiff's complaint fails to state a claim for relief under § 1983. Therefore, this action is **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be

granted under § 1983. 28 U.S.C. §§ 1915(e) and 1915A. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Grainger County Detention Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Grainger County, Tennessee, and the county attorney for Grainger County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The

Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

s/ Thomas W. Phillips
United States District Judge
